IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01937-NYW

POLLY BACA and ROBERT NEMANICH,

    Plaintiffs,

v.

WAYNE W. WILLIAMS, Colorado Secretary of State, in his individual capacity,

    Defendant.

## DEFENDANT'S MOTION TO STAY DISCOVERY AND DISCLOSURES AND FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)

Defendant, Colorado Secretary of State Wayne W. Williams, moves to stay discovery and disclosures and for a protective order under FED. R. CIV. P. 26(c), as follows.

### INTRODUCTION and CERTIFICATE OF CONFERRAL

This is the second time that Plaintiffs Polly Baca and Robert Nemanich have sued the Secretary in their role as presidential electors. *See Baca v. Hickenlooper ("Baca I")*, No. 16-cv-02986-WYD-NYW, 2016 WL 7384286 (D. Colo. Dec. 21, 2016). In *Baca I*, this Court granted the Secretary's request to stay all discovery and disclosures pending a ruling on his Motion to dismiss. *Baca I*, ECF No. 53 (attached as *Exhibit 1*). The Court found that, "[o]n balance," a stay of all discovery and disclosures was proper because the prejudice to Plaintiffs was "relatively small and speculative, compared to the burden placed on Defendants of generating production that may ultimately be unnecessary." *Id.* at 12. After the stay was entered, Plaintiffs voluntarily dismissed their *Baca I* complaint without prejudice before the Court could rule on the Secretary's pending Motion to dismiss. ECF No. 57. For reasons that have never been explained by

Plaintiffs, they then turned around and re-filed this substantially identical lawsuit against the Secretary a mere nine days later.

During the parties' Rule 26(f) conference on the morning of September 12, Plaintiffs' counsel candidly acknowledged that the claims here and the claims in *Baca I* arise from the same set of facts and are "basically the same." Plaintiffs' counsel nonetheless stated that his clients oppose the relief requested herein. The Secretary's counsel reminded Plaintiffs' counsel that this discovery issue had already been decided in *Baca I* and that, because the claims were by his own admission "basically the same," his opposition to this Motion could be viewed as frivolous or vexatious. When the Secretary's counsel mentioned that the Secretary may consider seeking his attorneys' fees and costs for having to engage in unnecessary motions practice, Plaintiffs' counsel stated that he would confer with his clients but that they "likely would oppose" the Motion. The Secretary's counsel followed up the telephone conferral by email, again asking that Plaintiffs not oppose the requested relief. Plaintiffs' counsel did not respond before the filing of this Motion.

## ARGUMENT

### I.   This Court has already ruled that discovery in this dispute between Plaintiffs and the Secretary should be stayed.

The Secretary will not rehash at length the arguments supporting a stay of discovery and disclosures that he previously asserted in *Baca I*. The prior briefing on the Motion to stay discovery in *Baca I* is attached hereto. *See Exhibit 2*. It suffices to say, in Plaintiffs' counsel words, that the claims here and those in *Baca I*, as well as the underlying facts, are "basically the same." Nothing of substance has changed since this Court previously entered a stay that might cause it to take a different view than it did previously. Plaintiffs should not be permitted to escape the strictures of the law of the case doctrine by dismissing and then re-filing duplicative

2

lawsuits. *See Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) (Gorsuch, J.) (stating law of the case doctrine is "a pretty important thing" and "[w]ithout something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again.").

To the extent Plaintiffs harbor concerns about evidence spoliation, the Secretary is again preserving material that might be relevant to the allegations in Plaintiffs' complaint, just as he did in *Baca I*. This Court addressed and rejected Plaintiffs' evidence spoliation arguments in *Baca I*. *See Exhibit 1*, p. 10 (stating "the preservation of specific evidence does not appear to be a concern."). It should do so again here.

If anything, the arguments supporting a stay of discovery and disclosures have grown stronger. During the parties' Rule 26(f) conference in this case, Plaintiffs' counsel stated that they will likely be amending the complaint (the fourth between both cases) within the next week, although Plaintiffs' counsel was uncertain of the exact timing. Plaintiffs' counsel indicated that the amendment will clarify the type of damages sought by Plaintiffs—nominal, compensatory, or punitive. Plaintiffs' counsel stated that, as of the conferral conference, he "did not know" which type of damages his clients would be pursing, even though the conduct giving rise to Plaintiffs' purported damages occurred over eight months ago.

In light of this uncertainty, the Secretary is left to guess what the scope of his Rule 26(a)(1) disclosures might be, or what the scope of discovery might entail. If only nominal damages are sought, the scope of the factual inquiry during discovery will be significantly narrowed. If compensatory or punitive damages are sought, however, the scope of discovery and disclosures will be much broader, delving into issues involving Plaintiffs' purported monetary

3

losses. In short, Plaintiffs' indication that they will once again be "moving the goal posts" favors staying all discovery and disclosures. *See Nat'l Union Fire Ins. Co v. Westport Ins. Co.*, No. 10C6096, 2012 WL 698540, *1 (N.D. Ill. Feb. 29, 2012) (explaining that "changing the theory of the entire complaint is axiomatic of needing to re-open discovery, requiring additional discovery, and delaying the disposition of this case.").

This is not to say that moving ahead with discovery will be appropriate once Plaintiffs have amended their complaint. The Secretary continues to harbor grave concerns over the Court's jurisdiction to hear Plaintiffs' novel claims, and whether their claims are even cognizable as a matter of law under Rule 12(b)(6). Senior Judge Daniel expressed similar concerns in *Baca I* when he denied Plaintiffs' request for preliminary injunctive relief on the eve of the 2016 Electoral College. *See* 2016 WL 7384286; *see also Baca I*, P.I. Hr'g Tr. 28:19, Dec. 12, 2016 (ECF No. 23) (Judge Daniel characterizing Plaintiffs' suit as a "political stunt."). The Secretary therefore anticipates filing a Motion to dismiss under Rule 12(b)(1) and 12(b)(6) after receipt of Plaintiffs' next amended complaint.

The Secretary also continues to have concerns over the burden imposed on his office by the discovery and disclosures contemplated by Plaintiffs. These concerns were discussed at length in the prior briefing in *Baca I*. *See Exhibit 2*. The Secretary estimated, for instance, that Rule 26(a)(1) disclosures by themselves would require 150 hours of combined attorney and employee time. *See id.* at 5. This burden is alarming because such disclosures may be rendered unnecessary if the Secretary's Motion to dismiss is ultimately granted. As in *Baca I*, all discovery and disclosures in this case should thus be stayed pending the resolution of the Secretary's forthcoming Motion to dismiss.

* * *

Discovery in this case technically commenced today, the date of the parties' Rule 26(f) conference. *See* FED. R. CIV. P. 26(d). Likewise, the Secretary's September 26, 2017 deadline for serving Rule 26(a)(1) disclosures is quickly approaching. Doc. 5, p. 2. In light of this Court's stay of discovery in *Baca I*, and because the burdens of discovery and disclosures on the Secretary's office are looming, the Secretary respectfully requests that the Court immediately grant this Motion and dispense with any additional briefing. Alternatively, the Secretary proposes either (1) holding a motions hearing on this issue as soon as practicable, to permit Plaintiffs' counsel to verbally supplement his prior arguments from *Baca I*, or (2) requiring Plaintiffs to submit their written opposition, if any, within seven days. In either event, the Secretary respectfully requests that this discovery and disclosure issue be resolved in advance of the upcoming September 26, 2017 deadline for Rule 26(a)(1) disclosures, if possible.

WHEREFORE, Colorado Secretary of State Wayne W. Williams respectfully requests that this Court enter an order staying all discovery, including disclosures under Rule 26(a)(1), pending resolution of his forthcoming Motion to dismiss under Rule 12(b)(1) and 12(b)(6).

Respectfully submitted this 12th day of September, 2017.

    CYNTHIA H. COFFMAN
Attorney General

s/ *Grant T. Sullivan*
LEEANN MORRILL, 38742*
First Assistant Attorney General
MATTHEW D. GROVE, 34269*
Assistant Solicitor General
GRANT T. SULLIVAN, 40151*
Assistant Solicitor General
Public Officials Unit / State Services Section
Attorneys for Defendant
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado  80203
Telephone:  720 508-6349
FAX:  720 508-6041
E-Mail: grant.sullivan@coag.gov
*Counsel of Record

# CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017, I served a true and complete copy of the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY AND DISCLOSURES AND FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c),** upon all parties through ECF:

Jason Wesoky
1331 17th Street, Ste. 800
Denver, CO 80202

Lawrence Lessig
1563 Massachusetts Ave.
Cambridge, MA 01238

*Attorney for Plaintiffs*

    *s/ Xan Serocki*

6